NIMMONS, Judge,
specially concurring.
I agree that the deputy correctly denied wage loss benefits, but I arrive at that conclusion in a slightly different way.
In Trindade we held:
[F]or purposes of determining eligibility for wage loss benefits in accordance with Section 440.15(3)(a) and (b), the existence and degree of permanent impairment resulting from injury shall be determined pursuant to the Guides, unless such permanent impairment cannot reasonably be determined under the criteria utilized in the Guides, in which event such permanent impairment may be established under other generally accepted medical criteria for determining impairment.
Claimant was seen by four physicians. Dr. Young, claimant’s treating orthopedic surgeon, stated that he had been unable to demonstrate any significant orthopedic injury. He referred claimant to a rheumatol-ogist who stated that, upon examination, claimant exhibited full range of motion with no resultant pain. Claimant was also seen by a Dr. Rodriguez at his attorney’s request, but no report was ever filed and no evidence was introduced regarding Dr. Rodriguez’ findings. Lastly, claimant was seen by Dr. Wasylik, another orthopedic surgeon, who testified that, although claimant complained of tenderness over various areas of his back, he found no objective signs of physical impairment, no abnormalities on x-ray, no neurological deficits and no indication of muscle spasm. He also stated that claimant had no impairment under the criteria utilized in the A.M.A. Guides. However, he stated that it was his “subjective opinion” that claimant had a permanent impairment which he estimated at 5%. Although expressing the view that the A.M.A. Guides did “cover the type of injury,” he said that those Guides are inadequate because they are restricted to range of motion criteria.
As I construe Trindade, a claimant may have a permanent physical impairment which, although not determinable by use of the A.M.A. Guides, may be compensable by reference to “other generally accepted *984 medical criteria for determining impairment.” Howevér, in the instant case, although there is an opinion by one of the doctors that claimant has a permanent physical impairment, there is a dearth of any medical evidence — in the form of medical opinion or otherwise — to even suggest what the nature of the impairment is or how the impairment manifests itself. Moreover, even if the evidence were sufficient to demonstrate the nature of the impairment such that it would be permissible under Trindade to rely upon criteria other than the A.M.A. Guides for determining impairment, there is an absence of evidence of “other generally accepted medical criteria for determining impairment.”